UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Troy A. Potter,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Kevin Speed,<br><br>　　　　　Defendant | Case No. 2:24-cv-02292-CDS-BNW<br><br>Order Adopting Magistrate Judge's<br>Report and Recommendation<br><br>[ECF No. 6] |

　　　　Plaintiff Troy Potter brings this civil-rights action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated by his county public defender, Kevin Speed. Compl., ECF No. 1-1. Potter filed his complaint to initiate this action but failed to submit an application to proceed *in forma pauperis* (IFP) or, in the alternative, pay the civil-case filing fee. United States Magistrate Judge Brenda Weksler thrice ordered Potter to either (1) file a fully complete IFP application or pay the $405 filing fee, but he did neither. ECF Nos. 3, 4, and 5. After the April 17, 2025 deadline expired without Potter complying or otherwise responding, Judge Weksler issued a report and recommendation (R&R) that this case be dismissed without prejudice. R&R, ECF No. 6.

　　　　Potter had until May 15, 2025, to file any specific, written objections to the magistrate judge's R&R. *Id.* at 3 (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). Almost a month has passed, and Potter has not objected to the dismissal recommendation. The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Although de novo review is not required, I nonetheless made an independent review here. Federal law requires a party initiating a civil lawsuit to pay a filing fee and an administrative fee. 28 U.S.C. §§ 1914(a), (b). However, if a plaintiff is unable to pay such fees, 28 U.S.C. § 1915 allows a district court to authorize the commencement of a civil action through an IFP application. 28 U.S.C. § 1915(a)(1). Indeed, I find that the record demonstrates that—despite three opportunities to do so—Potter did not submit an IFP application or pay the civil filing fee. Under these circumstances, Judge Weksler considered the *In re Phenylpropanolamine Prod. Liability Litigation* dismissal factors and found they strongly weighed in favor of dismissal. ECF No. 6 (citing 460 F.3d 1217, 1226 (9th Cir. 2006)) (citation omitted). I agree that sanctions less drastic than dismissal are unavailable here. Potter has failed to comply with the orders of this court, and thus, it may, in its discretion, dismiss this lawsuit. For those reasons, I accept the R&R in its entirety and dismiss this matter.

## Conclusion

It is hereby ordered that the magistrate judge's report and recommendation **[ECF No. 6] is accepted and adopted in full**, therefore Potter's complaint is dismissed without prejudice. The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: June 11, 2025

_____
Cristina D. Silva
United States District Judge